# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 30, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

139345-7 (113)

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
    Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
    Defendants-Appellants.

SC: 139345
COA: 278652
Ingham CC: 07-000242-CZ

_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
    Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF
MICHIGAN,
    Defendants-Appellants.

SC: 139346
COA: 278858
Ingham CC: 07-000242-CZ

_____/

CHRISTOPHER LEE DUNCAN, BILLY JOE
BURR, JR., STEVEN CONNOR, ANTONIO
TAYLOR, JOSE DAVILA, JENNIFER
O'SULLIVAN, CHRISTOPHER MANIES, and
BRIAN SECREST,
    Plaintiffs-Appellees,

v

STATE OF MICHIGAN and GOVERNOR OF

SC: 139347
COA: 278860
Ingham CC: 07-000242-CZ

MICHIGAN,
        Defendants-Appellants.

_____/

On order of the Court, the motion for reconsideration of this Court's July 16, 2010 order is considered, and it is GRANTED.  We VACATE our order dated July 16, 2010, and we REINSTATE our order in this case dated April 30, 2010, because reconsideration thereof was improperly granted.

We do not retain jurisdiction.

Dissenting statement of CORRIGAN, J., to follow.

DAVIS, J. (*concurring*).

I agree with Chief Justice KELLY's dissent from the July 16, 2010, order, stating that the prior motion for reconsideration should have been denied because it added nothing new.  To the extent the unanimous April 30, 2010, order was reconsidered because of concerns that it could not be complied with, I have reviewed the record thoroughly and I do not agree with those concerns.  Furthermore, if those concerns eventually prove warranted, the trial court should, and is in the best position to, make that evaluation.  The trial court has not yet had the opportunity to do so.  As the April 30, 2010, order stated, this case is at its earliest stages and a decision on its substantive merits is premature, but class certification should be reconsidered in light of *Henry v Dow Chemical Co*, 484 Mich 483 (2009).  The original, unanimous order of this Court was correct, and no sufficient basis was presented for this Court to have reconsidered it.

HATHAWAY, J., joins the statement of DAVIS, J.

CORRIGAN, J., states as follows:

I object to the release of the Court's order without my dissenting statement and I reserve the right to file one as soon as I can.  The majority has decided to grant the motion for reconsideration, and to reverse our previous order, without affording disagreeing Justices sufficient time to adequately respond to this decision.  Instead, the majority has now decided to expedite the release of its order regardless of the fact that I have worked in a timely fashion to prepare a dissenting statement, but have not yet completed such a statement.  This is contrary to our practice during the 11 years I have served on this Court.  The Court's decision to suddenly expedite this case seems designed to prevent the new Court after January 1, 2011 from considering a motion for reconsideration.

MARKMAN, J. (*dissenting*).

I dissent from the order granting plaintiffs' motion for reconsideration, vacating this Court's July 16, 2010 order, and reinstating this Court's April 30, 2010 order. The July 16 order vacated the April 30 order and held that "[t]he defendants are entitled to summary disposition because, as the Court of Appeals dissenting opinion recognized, the plaintiffs' claims are not justiciable." In a concurring statement, I explained that our April 30 order was erroneous for two reasons:

> First, as defendants observe, this order vacated the Court of Appeals opinion without articulating any governing standards. Second, it is not premature to decide this case because the precise issue presented is whether plaintiffs have stated a claim on which relief can be granted, and this, as well as the threshold justiciability issues, can be determined on the face of the complaint. [*Duncan v State of Michigan,* 486 Mich 1071 (2010) (MARKMAN, J., concurring).]

In addition, I concluded that defendants are entitled to summary disposition for the following reasons set forth in the Court of Appeals' dissent:

> (1) The U.S. Supreme Court in *Gideon v Wainwright*, 372 US 335 (1963), and *Strickland v Washington*, 466 US 668 (1984), "was concerned with results, not process. It did not presume to tell the states *how* to assure that indigent criminal defendants receive effective assistance of counsel." 284 Mich App 246, 357 (2009).

> (2) Plaintiffs' claims would have "the judiciary override the Michigan system of local control and funding of legal services for indigent criminal defendants," despite the absence here of any constitutional violation. *Id*. at 358.

> (3) Plaintiffs' claims are not sufficient to create a presumption of either prejudice, or prejudice per se, that would warrant either declaratory or injunctive relief. *Id*. at 361.

> (4) Plaintiffs lack standing, and, therefore, their claims are not justiciable. *Id*. at 371.

> (5) Plaintiffs' claims are not ripe for adjudication, and, therefore, their claims are not justiciable. *Id*. at 371, 376.

> (6) Plaintiffs' claims are not justiciable and, therefore, the relief they seek should not be granted. *Id*. at 385.

> (7) In finding a justiciable controversy, the Court of Appeals erred in adopting a number of assumptions that are conjectural and hypothetical, including assumptions that plaintiffs and the class they purport to represent

will be convicted of the crimes with which they are charged, that such convictions will result from prejudice stemming from ineffective assistance of counsel, that such ineffective assistance will be attributable to the inaction of defendants, and that trial and appellate judges will be unable or unwilling to afford relief for such violations of the Sixth Amendment. *Id.* at 368-370.

(8) There is no constitutional precedent that "guarantees an indigent defendant a particular attorney" or an "attorney of a particular level of skill" [as long as the attorney is not "so deficient as to cause prejudice"]; that requires a "predetermined amount of outside resources be available to an attorney"; or that requires that there be a "meaningful relationship with counsel." *Id.* at 370[, 384].

(9) The Court of Appeals assertions that affording plaintiffs injunctive relief "could potentially entail a cessation of criminal prosecutions against indigent defendants," *id.* at 273, and "that nothing in this opinion should be read as foreclosing entry of an order granting the type of relief so vigorously challenged by defendants," *id.* at 281, accurately describe the potential consequences of its opinion, which consequences would constitute an altogether unwarranted, improper, and excessive response to plaintiffs' claims. *Id.* at 380-385.

(10) The Court of Appeals has "issued an open invitation to the trial court to assume ongoing operational control over the systems for providing defense counsel to indigent criminal defendants in Berrien, Genesee and Muskegon counties." And with that invitation comes a "blank check" on the part of the judiciary to "force sufficient state level legislative appropriations and executive branch acquiescence" in assuming similar control over the systems in every county in this state, while "nullifying the provisions" of the criminal defense act and "superseding the authority of the Supreme Court and the State Court Administrator." *Id.* at 383-384. [*Duncan,* 486 Mich at 1072 (MARKMAN, J., concurring).]

Because plaintiffs have not presented anything in the present motion for reconsideration that causes me to believe that the above reasons do not continue to justify our decision to reverse the Court of Appeals, I would deny plaintiffs' motion for reconsideration.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 30, 2010

*Corbin R. Davis*

Clerk